# In the United States Court of Federal Claims

No. 15-587T

(Filed: October 6, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SUNOCO, INC., | |
| Plaintiff, | Discovery Dispute Regarding IRS Notice 2015-16; <u>Skidmore</u> Deference; Internal IRS Documents Not Relevant to Resolving Legal Issue Under 26 U.S.C. § 6426(b). |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Kevin Johnson*, with whom were *A. Christopher Young* and *Robert Fay*, Pepper Hamilton, LLP, Philadelphia, Pennsylvania, for Plaintiff.

*Jason Bergmann*, with whom were *Caroline D. Ciraolo*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, and *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL

WHEELER, Judge.

    The parties in this case are engaged in fact discovery. Their cross-motions for judgment on the pleadings and partial summary judgment also are pending and fully briefed. In deciding those motions, the Court must determine whether IRS Notice 2015-56 is entitled to deference under <u>Skidmore v. Swift</u>, 323 U.S. 134, 139–40 (1944). Notice 2015-56 gives direct guidance on the main legal issue in this case: the tax treatment of the alcohol fuel mixture credit under 26 U.S.C. § 6426(b).

    On July 29, 2016, Sunoco, Inc. ("Sunoco") filed a motion to compel production of documents pursuant to Rule 37(a) of the United States Court of Federal Claims. Sunoco

seeks certain internal IRS documents that it contends would help the Court determine whether Notice 2015-56 is entitled to Skidmore deference. The Government opposes the motion on the grounds that the requested documents are (1) irrelevant to the issue of whether Skidmore deference should apply, and (2) protected under the deliberative process and attorney-client privileges. The Court agrees that the requested documents are unnecessary, and further finds that IRS Notice 2015-56 is not entitled to Skidmore deference for purposes of the pending motions. Sunoco's motion to compel is therefore DENIED as moot.

## Background

The core of the parties' dispute in this case is a purely legal issue. Because the Court will decide that issue when it resolves the parties' pending motions, only a brief summary is necessary here. Sunoco, like many companies that produce fuel, blended ethanol into its fuel and thereby qualified for the alcohol fuel mixture credit under 26 U.S.C. § 6426(b). Compl. ¶¶ 10–11, Dkt. No. 1. The credit reduced Sunoco's excise tax liability under 26 U.S.C. § 4081. A taxpayer may count excise taxes paid as part of its cost of goods sold or as business expenses, and thereby may reduce its overall income tax liability. The question therefore is whether a taxpayer must use its net excise tax paid—that is, whether it must subtract the amount of the alcohol fuel mixture credit from its gross excise tax liability—when calculating deductions against its income tax liability.

The IRS has taken inconsistent stances on the alcohol fuel mixture credit's tax treatment. First, it issued Chief Counsel Advisory 201342010 on October 18, 2013 ("2013 CCA"). See 2013 WL 5858278. In the 2013 CCA, the IRS noted, "Some blenders included the § 6426(c) biodiesel mixture credits and the § 6427(e) payments in income through a negative adjustment to their biodiesel mixture cost of goods sold." Id. It continued, "In our view . . . federal tax credits are not gross income for purposes of determining a taxpayer's federal income tax liability." Id. Therefore, the IRS initially agreed with Sunoco's position and held that a credit substantially similar to the alcohol fuel mixture credit was not required to be counted as part of a taxpayer's gross income. Id.

On February 7, 2014, the IRS issued Chief Counsel Advisory 201406001 ("2014 CCA"). See 2014 WL 499938. The IRS reversed course in the 2014 CCA, stating, "For federal income tax purposes, the claimant must treat the excise tax credits allowed under § 6426(a) as a reduction in its federal excise tax liability under §§ 4081 and 4041. Accordingly, the claimant's allowable federal income tax deduction for federal excise taxes is reduced by the amount of the credits."[1] Id.

---

[1] The Government's attempt to align the 2013 and 2014 CCAs is unconvincing. The 2013 CCA advised that § 6426(c) excise tax credits, which apply to biodiesel mixtures, were not to be included in a taxpayer's gross income. See 2013 WL 5858278. The 2014 CCA's advice meant that the same excise tax credits

Finally, the IRS released Notice 2015-56 on August 15, 2015—sixty-five days after Sunoco filed its complaint in this case. See 2015-35 I.R.B. 235 (2015). Notice 2015-56 is the only IRS advice on the main issue in this case that may be treated as binding. See 2014 CCA, 2014 WL 499938 ("This advice may not be used or cited as precedent."); 2013 CCA, 2013 WL 5858278 (same). The Notice states that, "for federal income tax purposes, a claimant must reduce its § 4081 excise tax liability for each calendar quarter during the 2014 calendar year by its biodiesel mixture credit attributable to a biodiesel mixture sold or used during that calendar quarter." 2015-35 I.R.B. 235. Thus, Notice 2015-56 sides with the 2014 CCA, and against the 2013 CCA.

## Discussion

Under Skidmore, courts may give deference to an agency's interpretation of its governing laws even when the agency does not use its rulemaking authority. 323 U.S. at 139-40.[2] Agencies, as administrators of their governing statutes, contribute "a body of experience and informed judgment" that properly may guide a court's decision in such cases. Id. at 140. In deciding whether to give deference to an agency interpretation, courts should consider the interpretation's "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." Id. Depending on the balance of these factors, courts may give a range of deference from "great respect" to "near indifference." United States v. Mead Corp., 533 U.S. 218, 228 (2001) (citations omitted).

AMP Inc. v. United States is instructive. See 185 F.3d 1333, 1338–39 (Fed. Cir. 1999). In that case, the Court of Federal Claims had given deference to an IRS revenue ruling that bore directly on the parties and claims and was issued while the parties' claims were pending with the IRS. Id. at 1338. The Federal Circuit noted that "[a] revenue ruling issued at a time when the I.R.S. is preparing to litigate is often self-serving and not generally entitled to deference by the courts." Id. at 1338–39 (citation omitted). This was "especially true when the ruling cites no authority and is inconsistent with regulations and other pronouncements of the I.R.S." Id. at 1339 (citation omitted). Therefore, the Circuit found that the revenue ruling was not entitled to deference. Id.

The situation here is remarkably similar to AMP. The IRS issued Notice 2015-56 sixty-five days after Sunoco filed its complaint. Therefore, the IRS was not merely preparing to litigate when it issued the Notice—it was actually litigating. The Notice also

---

reduced a taxpayer's federal income tax deductions, which necessarily treats any excise tax credit as gross income. See 2014 WL 499938. The positions are irreconcilable.

[2] When an agency exercises its rulemaking authority, courts may apply a higher degree of deference. See Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837 (1984).

does not give authority for the IRS's determination.  One would expect to see authority for the IRS's position because Notice 2015-56 conflicts with the IRS's earlier advice in the non-precedential 2013 CCA.  These three factors—the timing of the Notice, the lack of authority, and the Notice's inconsistency with prior IRS advice—mean that Notice 2015-56 is not entitled to deference under <u>Skidmore</u>.  In short, Notice 2015-56 is merely another vehicle through which the Government conveyed its position in this case.  That position may be meritorious, or it may not be, but it deserves to be weighed equally against Sunoco's arguments.

<u>Conclusion</u>

The Court finds that IRS Notice 2015-56 is not entitled to deference for the parties' cross-motions for judgment on the pleadings and partial summary judgment.  Plaintiff's motion to compel seeks documents only to support its argument that Notice 2015-56 should receive no deference.  Therefore, Plaintiff's motion to compel is DENIED as moot.

IT IS SO ORDERED.

<u>s/Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge